THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RENE "RAY" J. CASTELLANO, ) | Case No. 1:10CV00121 DS | |
| Plaintiff, ) | | |
| vs. ) | MEMORANDUM DECISION AND ORDER | |
| ) | | |
| MICHAEL DONLEY, SECRETARY OF THE UNITED STATES AIR FORCE, ) | | |
| Defendant. ) | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter arises out of Plaintiff's employment as a "flexible" or "flex" laborer at Hill Air Force Base ("HAFB"), where he alleges he was discriminated against based on his race, national origin, age, and disability, and retaliated against for bringing a prior complaint against his supervisor. Plaintiff settled that prior complaint and, pursuant to the resulting settlement agreement he was rehired by the U.S. Air Force. His employment as a rehired flexible laborer and his resignation in 2009 led to the present lawsuit.

In his First Amended Complaint Plaintiff purports to assert claims for discrimination based on race, age and disability (Claim I), and retaliation (Claim II). Defendant has moved for summary judgment or, in the alternative, to dismiss Plaintiff's First Amended Complaint (Doc. #18).

## II. STANDARD OF REVIEW

### A. SUMMARY JUDGEMENT

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242.

---

[1] Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

**B. MOTION TO DISMISS**

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

### III. FACTS

Plaintiff, who is over the age of 40, began his employment that is the subject of this action as part of a negotiated settlement regarding previous employment with the U.S. Air Force. As part of that settlement agreement in February 2008, he agreed to

withdraw an informal complaint of discrimination in exchange for being hired by "the Agency" to a "flex laborer position". Plaintiff's NAFI Notification of Personnel Action form stated that his "Guaranteed workweek hours are 00.00."

Plaintiff worked as part of a small crew of laborers who were supervised by Richard Gorham, manager for the Operations Section for lodging at HAFB,. The Lodging Manager at the time was Richard Dooley, who supervised Gorham and other sections managers.

In April of 2009, and in order to control costs, Dooley directed all of his section managers, including Gorham, to reduce the work hours for all flex employees to 30 hours or fewer per week. Plaintiff's hours were reduced accordingly.

Plaintiff resigned on June 9, 2009, after telling Dooley that he was taking a full-time job with a grounds maintenance contractor at HAFB because he needed to work 40 hours per week. Before doing so, Plaintiff states that he inquired about the possibility of converting to a regular employee position and that he was told by Gorham, his immediate supervisor, that no full time or regular employee positions were forthcoming.

Flex employees work from 0 to 40 hours per week and do not receive benefits, while regular employees are guaranteed 20 to 40 hours of work per week and receive benefits. The policy in effect in 2009 regarding management of flexible and regular employees required that a flex employee be converted to regular if the

4

employee worked more than 30 hours per week, on average, during a specified six-month review period, unless the Force Support Commander or Director granted a waiver.

After Plaintiff resigned, Dooley considered hiring another flex laborer to replace him. Instead, in June of 2009, Dooley learned that another laborer, Jeffery East, fit the policy criteria for his category to be converted from flexible to regular. More than a month after Plaintiff resigned, East's category was converted to regular to meet anticipated increased demand for laborers due to Plaintiff's departure and due to upcoming renovations projects. On July 14, 2009, Plaintiff apparently learned that East's category had been converted.

As the winter of 2009 began, Dooley anticipated that Gorham's work crew would have difficulty managing snow removal and other upcoming work demands on laborers because one flexible employee could only work two days per week and a regular employee on the crew planned to enter the military. Faced with these circumstances, Dooley converted another flexible laborer position held by Abelardo Pineda, to regular category in late December 2009.

Plaintiff did not complain to the Equal Employment Opportunity ("EEO") office at HAFB about any discrimination or retaliation when he resigned, nor did he file a complaint within 45 days of his resignation. Plaintiff states that after learning of East's conversion to regular employee status, he contacted the EEO office

at HAFB to complain about retaliation, but was informed that because he was no longer an employee, he could not file an EEO complaint with the HAFB EEO office. On December 15, 2009, Plaintiff filed a Charge of Discrimination with the Utah Anti-Discrimination & Labor Division.

## IV. DISCUSSION

### A. Discrimination (Count I).

The Court agrees with Defendants that Plaintiff's claim for Discrimination (Count I) should be dismissed due to his failure to contest Defendants' argument that the First Amended Complaint fails to meet the pleadings standard for his claims of discrimination.

### B. Retaliation (Count II).

Plaintiff alleges three adverse employment actions taken by Defendant in retaliation for his prior protected activity: (1) reduction in work hours; (2) failure to disclose possible future work positions; and (3) constructive discharge.

#### 1. failure to exhaust administrative remedies

"For purposes of this motion only, Defendant accepts Mr. Castellano's assertions about his efforts to file an administrative complaint regarding possible future changes in work crew positions and constructive discharge. Therefore, Defendant withdraws his argument that Mr. Castellano failed to exhaust administrative remedies as to these alleged incidents only." Reply at 4.

However, Defendant continues to assert that the court lacks jurisdiction over Plaintiff's retaliation claim regarding reduction in his work hours because he failed to timely exhaust his administrative remedies. The Court agrees. Plaintiff alleges that he was retaliated against for engaging in protected activity when his work hours were cut in "late March 2009". The regulation applicable to Plaintiff's employment required him to initiate contact with an EEO counselor "within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105. It is undisputed that Plaintiff continued his employment until he resigned on June 9, 2009, and that he did not contact any EEO employee until mid-July 2009. Thus, he failed to contact an EEO counselor within 45 days of the reduction in his work hours that he now alleges was a discrete incident of retaliation. *See Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003)(holding that unexhausted claims involving discrete employment actions are no longer viable after Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), and affirming dismissal of retaliation claim pursuant to Title VII for lack of jurisdiction based on failure to exhaust administrative remedies).

**2. prima facie case**

To state a prima facie case of Title VII retaliation, Plaintiff must establish that "(1)[he] engaged in protected

7

opposition to discrimination: (2)[he] suffered an adverse action that a reasonable employee would have found material; and (3)a causal nexus exists between [his] opposition and the employer's adverse action." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007).

### a. reduction in work hours

Defendant urges that, in addition to being entitled to dismissal of Plaintiff's claim regarding reduction in work hours for failure to timely exhaust administrative remedies, he is also entitled to summary judgment on that issue because it is undisputed that the possibility of a cut in hours was an explicit condition of employment.

The Court concludes that Plaintiff has failed to show a causal connection between his protected activity, which ended in a settlement agreement in February of 2008, and the across-the-board reduction in flex employee hours in April, 2009. *See Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007)("if the only evidence of causation is a temporal relationship, then the adverse action must occur closely following the protected activity. For example, an adverse employment action that happened more than three months after the protected activity was not entitled to a presumption of causation."). Plaintiff's protected activity is remote enough in time from the alleged adverse employment action that it fails by itself to establish a casual connection. Additionally, it is

undisputed that all employees on Plaintiff's crew were affected by the across-the-board reduction in work hours regardless of their engagement in protected activity. Therefore, Plaintiff has failed to show a causal connection between his protected activity and his reduction in work hours.

### b. failure to disclose possible future work positions

Plaintiff also asserts that Dooley should have informed him that if he did not resign, but rather "kept working for a few more weeks, he would be converted from temporary, flexible status to regular, permanent status." Mem. Opp. at 19. He points to East's conversion from flex to regular employee on July 12, 2009, as circumstantial evidence of this adverse action.

The Court agrees with Defendant that there is no factual basis for Plaintiff's belief. In any event, as Defendant asserts, Dooley's alleged failure to foretell a possible future change in work crew positions was not an adverse employment action because it did not objectively affect Plaintiff's employment or alter the conditions of his workplace. *See Burlington Northern* and Santa Fe Ry v. White, 548 U.S. 52, 62 (2006) (noting that discrimination provisions of Title VII are limited to "to [adverse] actions that affect employment or alter the conditions of the workplace").

Moreover, as noted above, Plaintiff's protected activity is remote enough in time from this alleged adverse employment action, that without additional evidence, he fails to establish a causal

9

connection between the protected activity and the alleged adverse employment action.

Finally, even if the Court were to conclude that Plaintiff has satisfied his initial burden of presenting a prima facie case of unlawful retaliation, Defendant has offered a legitimate non-retaliatory explanation for its actions. Dooley testifies as follows:

> After Mr. Castellano resigned, we began the process to hire a replacement flex laborer. HAFB had some renovation projects scheduled for the summer of 2009 that required extra hours from laborers. On 26 Jun [sic], I was informed by the Human Resources office ("HRO") at HAFB that one of my flex laborer employees (Jeffery East) had exceeded the 720 hour limit for the previous six-month time period. Since the operation was already short one laborer due to Mr. Catellano's resignation and with the known additional demands on the laborers, I consulted with the HRO and made the decision to convert Mr. East from a flex employee to a regular employee. I submitted the paperwork for this conversion on or about July 8, 2009.

Dooley Decl. ¶6, Ex. B, Mem. Supp. Plaintiff has offered no evidence to suggest that Defendant's explanation for its actions is merely a pretext for retaliating against him.

### c. constructive discharge

Plaintiff also alleges that he was constructively discharged in retaliation for engaging in protected activity, although he admits he resigned due to the need to find full-time work.

To establish a constructive discharge, Plaintiff must show that his employer's "illegal discriminatory acts had made working

10

conditions so difficult that a reasonable person in his position would feel compelled to resign. *EEOC v. PVNF, L.L.C.* 487 F.3d 790, 805 (10th Cir. 2007). This is an objective standard and "the employer's subjective intent and the employee's subjective views on the situation are irrelevant." *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009).

As Defendant notes, Plaintiff, without citation to authority, claims that "he doesn't need to allege discrimination or hostile working conditions" but may rely instead on his allegations that he "could not 'make it' financially and had to resign [to find full-time work]." Mem. Opp. at 18. Plaintiff's subjective views are not relevant. To defeat summary judgment, Plaintiff must show that illegal discriminatory actions made his working conditions objectively intolerable such that a reasonable employee would have felt forced to resign. Because Plaintiff has failed to establish that retaliatory actions made his working conditions objectively intolerable, his claim of constructive discharge fails.

## V. CONCLUSION

For the reasons stated, Defendant is entitled to the relief it seeks. Its Motion (Doc. #18) is granted, and Plaintiff's First Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 14th day of July, 2011.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT